## Horn Silver Mining Company *vs.* Dennis Ryan.

### December 20, 1889.

Corporation — Liability of Directors for Breach of Duty — Proper Plaintiff.—In an action against directors of a corporation for misfeasance or culpable negligence in the discharge of their official duty, the corporation, and not the stockholders, is the proper party plaintiff.

Same—Form of Action.—The form of the action may be legal or equitable, according to the circumstances of particular cases.

Same—Nature and Ground of Liability.—Directors of a corporation are personally liable if they suffer the corporate funds or property to be wasted or lost by gross negligence and inattention to the duties of their trust; and an action at law may be maintained against them jointly and severally for the amount of such losses.

**Same—Degree of Diligence Required of Directors.**—The measure of care and diligence required of directors is generally held to be such as a prudent man exercises in his own affairs; but it must be determined in each case in view of all the circumstances.

**Same—Sufficiency of Complaint.**—It is not necessary that the complaint should negative knowledge of, or acquiescence on the part of the stockholders in, the negligence or misconduct of the directors.

**Same—Averment of Facts constituting Negligence.**—There is no misjoinder of causes of action in a complaint which sets forth a series of acts or omissions on the part of directors, alleged to have constituted actionable negligence on their part.

Appeal by defendant from an order of the district court for Ramsey county, *Simons,* J., presiding, overruling his demurrer to the complaint.  The action was brought to recover $500,000 damages for defendant's neglect of duty as one of plaintiff's directors, whereby the plaintiff's president and vice-president (who were also directors) were enabled to and did, from time to time, between September, 1881, and April, 1886, loan to themselves and appropriate to their own use, without authority of the board, large sums of money belonging to plaintiff, which they have not repaid, and, being insolvent, are unable to repay.  An account of the moneys so unlawfully withdrawn was kept on the company's books, and entries thereof were regularly made. The complaint further shows that plaintiff is a corporation of the territory of Utah; that the misappropriations of money took place at the city of New York; that the board of directors consisted of seven members; that defendant was elected a director in 1880 and re-elected in each following year until 1887; that during all this period he had access to the company's books and had knowledge and means of knowledge of the misdoings of its officers with respect to its funds; that he negligently failed to make any effort to prevent such misappropriations of its funds, or to bring them to the notice of the board of directors or of the shareholders; and that he negligently failed to attend at various meetings of the board specified in the complaint.  It is also charged, on information and belief, that defendant knew that the misappropriations were being made by the president and vice-president.

*R. B. Galusha* and *C. D. & Thos. D. O'Brien,* for appellant.

*Lusk & Bunn* and *Ambrose Tighe,* for respondent.

VANDERBURGH, J. The directors of a corporation are its agents, and occupy a fiduciary relation to it. They are therefore held to the exercise of good faith in all their dealings with the corporation, and in the management of its property; and in relation to their possession or control of the corporate property they are treated as *quasi* trustees. 3 Pom. Eq. Jur. § 1090. Their relation to the corporation necessarily forbids the use of its property for their own benefit; and for any misfeasance or breach of duty resulting in damage to the corporation they are subject to be called to account by the corporation in the appropriate action.

1. The corporation is the proper party plaintiff in such action, and stockholders can only be allowed to bring an action in exceptional cases, in order to prevent a failure of justice, as where the corporation refuses to sue, or is under the control of hostile directors. *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52, 59, 60; *Rothwell* v. *Robinson,* 39 Minn. 1, (38 N. W. Rep. 772;) 53 Am. Dec. 646. There is no doubt that the corporation is the proper party plaintiff in this action.

2. The principal objections to the complaint, however, are that the plaintiff's allegations are insufficient to constitute a cause of action, and the non-joinder of the other directors as defendants. The authorities differ in respect to the proper form of action in a suit by the corporation against its directors,—whether all should be joined, whether the suit should be at law or in equity, and also as to the rule or measure of their responsibility. See 15 Am. Law Rev. 182. But we think either form of action may be adopted according to the circumstances of particular cases. Where directors waste or misappropriate the funds or convert assets of the corporation in violation of their trust, or lose them in speculations, a recovery at law may be had against the defaulting directors, while a suit in equity might also be maintained for an accounting, at the election of the corporation. *Franklin Fire Ins. Co.* v. *Jenkins,* 3 Wend. 130; *Robinson* v. *Smith,* 3 Paige, 222. In *Robinson* v. *Smith, supra,* the chancellor declares that the directors of a moneyed corporation who wilfully abuse their trust or misapply the funds of the company, by which a loss is sustained, are personally liable to make good that loss; and they are

equally liable if they suffer the corporate funds or property to be lost or wasted by gross negligence and inattention to the duties of their trust. *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52. And so, also, if there is a negligent abandonment of his official duty by a director, or if he leaves the entire control of the company's business to other agents, and fails to exercise the proper supervision, he is liable for losses which due attention and diligence on his part might have prevented. *Charitable Corporation* v. *Sutton*, 2 Atk. 400; 1 Mor. Priv. Corp. §§ 551, 561; 2 Lindl. Partn. 595, 596. And if there be culpable negligence of this character on the part of a director, an action at law may be maintained against him by his principal, as in other cases of agency, without joining his associates. *Hun* v. *Cary*, 82 N. Y. 65; 79; Thomp. Liab. Stockh. § 353; Whart. Neg. § 435. The measure of care and diligence required of directors is generally held to be such as a prudent man exercises in his own affairs. *Scott* v. *Depeyster*, 1 Edw. Ch. 513, 547. But, as Morawetz (1 Corp. § 552) justly observes, the plain and obvious rule is that directors impliedly undertake to use as much diligence and care as the proper performance of the duties of their office requires. What constitutes a proper performance of the duties of a director is a question of fact, which must be determined in each case in view of all the circumstances. The character of the company, the condition of its business, the usual method of managing such companies, and all other relevant facts must be taken into consideration. It is evident that no abstract reasoning can be of service in reaching a proper solution. See, also, *Hun* v. *Cary*, *supra*.

Upon an application of the principles above stated to the complaint, we think it will be sufficiently clear that it states a cause of action against the defendant. After stating the facts in reference to the misappropriation and use of the funds of the corporation by two of the directors, who are officers and specially intrusted with the management of the same, with full knowledge by the defendant, the complaint shows in substance, among other things, that the defendant, who was a director for a series of years, charged with the duties usually pertaining to that office, and with the duty of exercising care and oversight over the officers of the company, wholly neglected his offi-

cial duty in respect to the transactions of the defaulting officers and the protection of the funds of the company; that the means of knowledge were within his reach; that he ought to have known the truth in respect to the fraud and misconduct charged, and to have taken steps to prevent and expose the same, which he wholly failed to do, but abstained from attending the meetings, and neglected to perform his duties to the corporation and its stockholders in the protection of the rights and property of the corporation; and that, by reason of his nonfeasance and neglect, the plaintiff has been damaged as claimed.    It is manifest, we think, that if an action could be sustained at all upon a charge of negligence against a director, under such circumstances, the complaint must be held sufficient.    *Rolseth* v. *Smith*, 38 Minn. 14, (35 N. W. Rep. 565.)    It was not necessary that it should be alleged in the complaint that the stockholders had no notice of the defalcation, or did not acquiesce in the same. If the acts of the directors have been acquiesced in or sanctioned by the stockholders, that will be matter of defence.

3. There is no misjoinder of causes of action.    The facts stated relate to the same general cause or ground of action, and if some of them are immaterial, or in themselves insufficient, it does not affect the question of the sufficiency of the complaint upon general demurrer.

Order affirmed.