### WAPLES–PLATTER CO. et al. v. TURNER.

(Circuit Court of Appeals, Eighth Circuit. September 13, 1897.)

No. 643.

1. EVIDENCE—PURCHASE OF GOODS BY INSOLVENT.
   On the question whether one who buys goods on credit, upon his written representation of perfect solvency, and fails three weeks later, was insolvent at date of purchase, and knew it, it is not competent for him to show that he had made some profits during the two years previous.

2. SAME.
   On the question whether one who buys goods on credit, and fails three weeks later, was insolvent at date of purchase, proof of the value of his assets six weeks later still, as shown by the receiver's invoice, is competent against him.

3. APPEAL AND ERROR—EXCEPTIONS TO REFUSAL OF INSTRUCTIONS.
   A single exception taken to the court's refusal of a series of instructions to the jury is of no avail, unless all the instructions state correct propositions of law applicable to the case.

4. SAME.
   If the instructions given to the jury by the court of its own motion substantially cover the issues involved, the refusal of other instructions which are in themselves proper constitutes no ground for reversal.

In Error to the United States Court in the Indian Territory.

A. G. Moseley (S. S. Fears on brief), for plaintiffs in error.
William T. Hutchings, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a controversy between Clarence W. Turner, the defendant in error, and J. S. Hancock, one of the plaintiffs in error, relative to the right of possession of certain personal property of the value of $2,685.87. The property in question was originally sold on credit by said Turner to C. H. Low, one of the plaintiffs in error, and was shipped to him by the vendor on or about December 23, 1890. On January 12, 1891, Low made a general assignment for the benefit of his creditors to said J. S. Hancock. On the same day, the Waples-Platter Company, another of the plaintiffs in error, who was a creditor of Low, caused an attachment to be levied on the assigned property and effects, whereupon Turner replevied the goods now in controversy, claiming that the sale of the same

to Low had been induced by false and fraudulent representations, and that Low had bought the property in controversy while in a failing condition, with a preconceived intent not to pay for the same. On the trial of the case it was stipulated by counsel that the only question to be tried was whether the property belonged to Low at the date of the assignment, or whether the sale was voidable, and whether Turner was entitled to reclaim the property sold by reason of the alleged fraud. The record shows that, by consent of all the parties, the latter question was the only one litigated at the trial, and the errors assigned relate to the admission and exclusion of evidence, and to the instructions given and refused by the trial court. The various errors assigned, so far as they are deemed material, will be noticed in their proper order.

During the progress of the trial, the present plaintiffs in error made a general offer to show, on the cross-examination of a witness, that Low had done a profitable business as a merchant during the year 1889; that he had conducted his business in about the same way during the year 1890; and that the witness was of the opinion that the result of his business during the year 1890 would show a profit somewhat in proportion to his profits in the year 1889, the amount of which was not stated. The trial court rejected this offer of proof, and an exception was saved. Inasmuch as Low was charged with having made a specific statement in writing on December 9, 1890, as a means of inducing Turner to ship the goods in controversy, that he had enough means to pay all he owed, and that there was no cause for alarm, and inasmuch as he confessed his insolvency a very few days after the goods arrived, by making a general assignment of all his property and effects. including the goods which he had just received, we are not prepared to say that the court committed an error in rejecting the proof in question. Conceding that the witness would have testified in the manner indicated, the evidence would have had no tendency to show that Low was in fact solvent, and able to pay all he owed, on December 9, 1890, at the time he made such a statement, as a means of inducing Turner to ship the goods, and little, if any, tendency, we think, to show that Low, in good faith, believed himself to be solvent, and that the representation which was made he believed to be true. The trial court subsequently permitted Low to testify, as a witness in favor of the plaintiffs in error, that he believed the statement which was made to Turner on December 9, 1890, to be true at the time he made it; and also to state his reasons for entertaining such a belief. This action, we think, was as favorable as the plaintiffs in error had the right to expect or demand.

It is assigned for error that the trial court erroneously permitted one of the witnesses for the defendant in error to testify what was the total value of all the property of Low, as shown by an invoice which was taken by the witness, as receiver of the assigned effects, on or about March 1, 1891. We can perceive no valid objection to such evidence, inasmuch as it was not claimed that the invoice was defective or improperly taken. The testimony in question had a marked tendency to show the financial condition of Low at the time he pro-

fessed to be solvent, which was one of the material issues of the case.

A single exception was also taken to the refusal of a series of seven instructions which were asked by the plaintiffs in error. According to well-established rules, a single exception taken to the refusal of a series of instructions is of no avail, unless all the instructions state correct propositions of law applicable to the case, nor unless it appears that the instructions given by the court failed to cover the case. If any of the instructions which were refused were faulty, the exception cannot be sustained. New England Furniture & Carpet Co. v. Catholicon Co., 49 U. S. App. 78, 25 C. C. A. 595, and 79 Fed. 294. Furthermore, if the instructions given by the court of its own motion substantially covered the issues involved, the refusal of other instructions, which were in themselves proper, constitutes no ground for a reversal of the case. As we read the series of refused instructions, one of them, at least,—the third,—required the court to charge, in effect, that, although Low knew when he made it that the statement to Turner concerning his solvency was false, yet this would not entitle Turner to a verdict, unless, in addition, he proved a distinct intent on the part of Low to mislead and defraud. The court charged the jury, however, that if Low represented that he was solvent and able to pay all his debts at the time he made the purchase from Turner, and that representation was false, and was known by Low to be false, and if Turner relied upon the statement and parted with the property in controversy on the strength of such representation, then and in that event Turner was entitled to recover. We think that the instruction thus given by the trial court of its own motion contained a correct statement of the law applicable to the case, and that the refused instructions, for the reasons above indicated, were liable to confuse and mislead the jury. The other assignments of error are of less importance, and not deserving of special mention. The case, so far as the record discloses, was correctly tried, and the judgment below is accordingly affirmed.