OLD DOMINION COPPER MINING & SMELTING CO. v. LEWISOHN et al. (Circuit Court of Appeals, Second Circuit. December 4, 1906.) No. 64. Appeal from the Circuit Court of the United States for the Southern District of New York. On appeal from a decree of the Circuit Court for the Southern District of New York sustaining a demurrer to an amended bill of complaint and dismissing the bill for want of equity. The opinion of the Circuit Court sustaining the demurrer to the original bill is reported in 136 Fed. 915. The court held upon the hearing of the demurrer to the amended bill that there was no substantial difference between it and the original bill, and followed the former decision. Final decree was thereupon entered, and the complainant appeals. The facts sufficiently appear in the opinion of the Circuit Court sustaining the demurrer to the original bill (136 Fed. 915), and are stated in full in Old Dominion C. M. & S. Co. v. Bigelow, 188 Mass. 315, 74 N. E. 653, 108 Am. St. Rep. 479. Louis Brandeis, for appellant. Eugene Treadwell, for appellees. Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The bill prays for relief as follows: First, that the sale of the mining claims to the complainant by Leonard Lewisohn, the defendants' testator, and Albert S. Bigelow, a citizen of Massachusetts and not a party to this action, be rescinded, and the real estate reconveyed to the defendants, upon receipt by the complainant of the consideration paid therefor; second, that defendants return to the complainant the consideration paid by complainant for said property, namely, 30,000 shares of its capital stock, or account therefor; third, that, if the court shall decide that the complainant is not entitled to rescind the sale of said real estate to it, then and in that event that the court ascertain the amount of damages sustained by complainant and direct the defendants, as executors, to pay the amount to complainant. We are unable to perceive how this relief, or any part thereof, can be granted the complainant upon the facts alleged in the bill. The fundamental difficulty with the bill is that it fails to state any facts showing that the complainant was in any way injured or defrauded by the transactions complained of. At the time of the transfer by Bigelow and Lewisohn to the company, Bigelow and Lewisohn and their representatives owned the entire issue of stock of the corporation. The sale by them to the corporation was in effect a sale by them to Bigelow and Lewisohn. A corporation can only act through the human beings who compose it. It cannot be deceived or defrauded, unless its stockholders and directors are deceived or defrauded. The corporation knew all that Bigelow and Lewisohn knew, and no one of the original parties to the transfer was defrauded by the exchange of the stock controlled by Bigelow and Lewisohn for the real estate controlled by them. It may be that such a large overcapitalization as is alleged in the bill might mislead and deceive careless and credulous purchasers of the stock; but we are not now dealing with the case of a stockholder alleging concealment, fraud, and misrepresentation. The stockholders, apparently, have no complaint. At least they have not propounded any. Indeed, it is not easy to see how a purchaser, who paid $25 per share, could be defrauded, in view of the allegation of the bill that "the shares of this corporation so issued in payment for the property sold to it as aforesaid were at the time of the fair market value of twenty-five (25) dollars each, and continued for a long time there-

after to be of such or greater value." It is enough, however, that this is not a stockholders' action. The subscribers for the 20,000 shares subsequently issued were not deceived. They asked for no statement, and received none. They got what they purchased, and are not complainants here. A protracted discussion is unnecessary, for the reason that this court and the Circuit Court of the Southern District have decided the question adversely to the complainant's contention. Foster v. Seymour (C. C.) 23 Fed. 65; McCracken v. Robison, 57 Fed. 375, 6 C. C. A. 400. To the same effect are the decisions of the New York Court of Appeals. Barr v. N. Y., L. E. & W. R. Co., 125 N. Y. 263, 26 N. E. 145; Blum v. Whitney, 185 N. Y. 232, 77 N. E. 1159. It is true that the Supreme Court of Massachusetts (188 Mass. 315, 74 N. E. 653, 108 Am. St. Rep. 478) has taken a different view, but we feel constrained to adhere to the prior adjudication of this circuit. The decree is affirmed, with costs.