## HOFFMAN MOTOR TRUCK COMPANY v. JOHN ERICKSON and Others.[1]

January 9, 1914.

Nos. 18,366—(171).

**Prayer for relief not controlling.**

   1. Plaintiff *held* entitled to such relief, legal or equitable, as the facts proved required, regardless of the fact that such might be broader than the prayer.

**Issue of stock — action by corporation.**

   2. Corporation *held* to have right to test by action the validity of a certain stock issue.

[1] Reported in 144 N. W. 952.

**Exchange of property for stock — excessive valuation.**

3. Where defendants, the sole owners and officers of a newly-formed corporation, issued part of its stock to themselves as fully paid, in exchange for property excessively valued, and thereafter like stock was sold by the corporation to other persons at par and for face value received, the corporation *held*, on the facts of the case, entitled neither to recover damages from defendants nor to have their shares cancelled in excess of the value of the property given therefor.

Action in the district court for Renville county to require defendants to account for stock in plaintiff corporation fraudulently obtained by them, to recover the par value of such stock, and for such other and further relief as to the court might seem just. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of defendants dismissing the action. From the order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Daly & Barnard,* for appellant.

*F. W. Murphy* and *Thomas Kneeland,* for respondents.

PHILIP E. BROWN, J.

Appeal by plaintiff from an order denying a new trial, after trial by the court and findings denying plaintiff relief.

The action is to recover from defendants as promoters the face value of stock alleged to have been issued to them by the corporation, without consideration, while they were the sole owners and officers, or for its cancelation. The general facts, stated most favorably to plaintiff, are:

Prior to December 18, 1907, defendants were copartners experimenting in building a type of automobile for market. As such they expended considerable time and money, and acquired property of various kinds, for use in the business, of value not exceeding $3,000, but no patents. On the day stated they incorporated as a manufacturing concern under R. L. 1905, § 3068, with $100,000 authorized capital, and were made its board of directors and only officers. At the first meeting of the corporation, held January 27, 1908, they caused to be issued to themselves in severalty shares aggregating at face value $40,000, as fully paid, and transferred the same

to themselves on the company's books. The only consideration therefor, however, was the turning over of the partnership business and property, and these, with its stock, constituted all the assets of the corporation. Beginning November 8, 1908, and at various times thereafter before the bringing of this action, the corporation issued to persons other than defendants, like stock of face value of $13,100, in consideration of said amount paid therefor. After incorporation and before issuance of the last mentioned stock, the company borrowed $5,000 to commence business, and thereupon engaged in manufacturing automobiles. Defendants remained the only officers and in sole charge of the corporation until July, 1911, when they resigned and new officers were elected.

1. It is of no consequence that plaintiff's claims to be awarded equitable relief were broader than demanded in the complaint. G. S. 1913, § 7753, requires a complaint to state demand for relief desired; but where defendant appears the relief granted is in nowise limited or controlled by the prayer, except that greater damages cannot be recovered, without amendment, than stated. Plaintiff must be awarded such relief, either legal or equitable, as the facts proved required, regardless of the prayer. See annotations to the statute, and also to section 7896. Furthermore, plaintiff, if damaged, had the right to test the validity of the transactions complained of by action. Unissued corporate stock belongs to the corporation considered as a legal person or entity; and when directors breach their trust by wrongful dealing therewith, the corporation itself is primarily interested and the proper party plaintiff. Horn Silver Mining Co. v. Ryan, 42 Minn. 196, 44 N. W. 56; 2 Pomeroy, Eq. Jur. (2nd ed.) § 1091. And in equity the kinds and forms of specific remedies are as unlimited as the powers of such courts to shape relief awarded in accordance with the circumstances of the particular case. 1 Pomeroy, Eq. Jur. (2nd ed.) § 170.

2. Plaintiff now claims to be entitled either to recover the difference between the actual value of the property turned in to the corporation and the face value of the stock received by defendants therefor, or to cancel these shares to the extent of the difference. The

basis of these claims rests largely upon the provision of R. L. 1905, § 2878, that:

"No corporation shall issue any share of stock for a less amount to be actually paid in than the par value of those first issued."

Said Mr. Justice Bunn, in Randall Printing Co. v. Sanitas Mineral Water Co. 120 Minn. 268, 273, 139 N. W. 606, 608, 43 L.R.A. (N.S.) 706:

"A corporation, unless prohibited by some constitutional or statutory provision, may in good faith issue paid-up shares for the purchase of property, or for services actually rendered; but when the stock is not paid for in fact, either in money, property, or services, equity will not regard the fictitious arrangement by which it is issued as fully paid up, and will inquire into the actual transaction, including the actual value of the property or services which were received as payment."

Under this rule, if the present case turned merely upon the question of adequacy of consideration on the theory of the shares being worth par, or more than the property exchanged for them, we would find no difficulty in overturning the transaction, nor in concluding it was constructively fraudulent. But the observations quoted were made in connection with a creditor's suit, and this court, in order to protect the rights of creditors, has carefully limited the application of the statute to cases where such rights are involved, and held that shares purchased and paid for at less than par, though voidable at the suit of creditors, are, until set aside at their instance, valid between the corporation and stockholders, and also between the several stockholders. Shaw v. Staight, 107 Minn. 152, 157, 119 N. W. 951, 20 L.R.A.(N.S.) 1077. The rule in the Randall case cannot be generally applied. No rights of creditors are here involved, and actual fraud is disclaimed, but constructive fraud is relied upon. Neither of plaintiff's claims, therefore, can be sustained. This statute fixes no penalty under which a recovery of damages could be allowed, and such cannot be interpolated by construction. Insurance Press v. Montauk Fire D. W. Co. 103 App. Div. 472, 93 N. Y. Supp. 134, 138. Neither can an agreement for payment of the stock be declared otherwise than as made in the actual transaction.

Randall Printing Co. v. Sanitas Mineral Water Co. supra, 273. Courts are powerless to make contracts.

Moreover it is clear that plaintiff has suffered no damage by defendants' acts, and without this no recovery at law can be had. The corporation when organized and prior to transfer of the partnership property, had no assets other than its capital stock, and thereafter only such as were so transferred. Hence the entire capital stock had only such value as the partnership property gave it. If defendants had issued all of it to themselves in exchange for the partnership property, or even without consideration, no profit or loss would have resulted to either, and neither the corporation nor any person could have been harmed or deceived by the transaction itself. Similarly, the stock issue actually made simply evidenced the change from partnership to corporate ownership. Subsequent creditors might object as being misled. Persons thereafter purchasing stock might also have a remedy, either through estoppel or fraud, and like remedy if additional stock were sold above the $40,000 issue in question; but these liabilities would be personal, enforcible, by rescission or otherwise, at the instance of individual purchasers against those perpetrating the wrong, in which the corporation would have no interest.

Nor is claim here made that any of the subsequent purchasers of stock were without knowledge of the facts when they purchased, or were in any way deceived. Plaintiff is not entitled to recover damages. Old Dominion C. M. & S. Co. v. Lewisohn, 210 U. S. 206, 28 Sup. Ct. 634, 52 L. ed. 1025; Insurance Press v. Montauk Fire D. W. Co. supra; Hutchinson v. Simpson, 92 App. Div. 382, 87 N. Y. Supp. 369; Seymour v. Spring Forest Cem. Assn. 144 N. Y. 333, 39 N. E. 365, 26 L.R.A. 859; Inland Nursery & Floral Co. v. Rice, 57 Wash. 67, 106 Pac. 499; Iowa Drug Co. v. Souers, 139 Iowa, 72, 19 L.R.A.(N.S.) 115, and note. The fact that defendants were directors of the corporation when the transaction complained of occurred, is not important under the facts disclosed.

3. What has already been said concerning the right to damages, and the authorities next above cited, apply equally against the right to cancelation, and, in addition, plaintiff encounters the maxim that

those seeking equity must do it; and without rescission or restoration of the property received from the partnership, of which there is neither allegation nor proof, plaintiff under most of the authorities cannot question the sufficiency of the consideration.   Gillin v. Sawyer, 93 Me. 151, 44 Atl. 677; Insurance Press v. Montauk Tire D. W. Co. supra; 10 Cyc. 479.   It is unnecessary, however, to approve or disapprove this latter rule.   In Hayward v. Leeson, 176 Mass. 310, 57 N. E. 656, 49 L.R.A. 725, followed in Old Dominion C. M. & S. Co. v. Bigelow, 203 Mass. 159, 176, 89 N. E. 193, 40 L.R.A. (N.S.) 314, the contrary is held, and while these cases give some support to plaintiff's contentions, they are opposed to the great weight of authority.   Plaintiff is not entitled to equitable relief.

4. Errors alleged in rulings on evidence and findings have been examined, but none of them affect the result.

Order affirmed.