## NORTHWEST NATIONAL MOTOR CAR & VEHICLE COMPANY v. DOCK McCONNELL.[1]

November 17, 1922.

No. 23,029.

**Transfer of partnership property in payment for corporate stock good defense to action to recover on defendant's subscription.**

1. A partnership was transformed into a corporation which took over the name, good will, business and assets of the partnership. As a part of the transaction, defendant, one of the partners, subscribed for 175 shares of the stock of the corporation which were issued to him for his interest in the partnership. In this action to recover upon the subscription contract, it is *held* that there being no rights of creditors involved, and no suggestion of fraud in the arrangement whereby the partnership property was accepted in payment for the stock issued, no recovery can be had.

**Contract for payment of money not varied by proof of acceptance of property in payment.**

2. A contract for the payment of money may be shown to have been performed or satisfied by the acceptance of property in lieu of money. Such proof does not tend to vary the terms of the writing.

**Minutes of private corporation not conclusive.**

3. The minutes of a private corporation are not conclusive that no other business than that therein recorded was transacted.

Action in the district court for Ramsey county to collect $17,500 in payment of defendant's subscription to plaintiff's capital stock. The case was tried before Haupt, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion for amended findings or for a new trial, plaintiff appealed. Affirmed.

*Mark H. Gehan,* for appellant.

*Peder M. Hage,* for respondent.

[1]Reported in 190 N. W. 608.

Holt, J.

The action is by a corporation to collect payment for 175 shares of its stock subscribed for by defendant. The defense of payment was sustained, and plaintiff appeals from the order denying a new trial.

The evidence is undisputed that in May, 1919, James W. Greeves and defendant engaged in the automobile business as partners under the name of Northwest National Motor Car and Vehicle Company. Later they concluded to convert the partnership into a corporation. This was done in the fall of the same year, the corporation receiving the partnership name and all assets, including good will. As a part of the procedure in forming the corporation, the ·shareholders subscribed for the shares each was to have according to an understanding had. For reasons not disclosed, Greeves was not to be an ostensible stockholder to begin with, but the 315 shares allotted to him were to be issued and held for him by a clerk of the partnership, George A. Wallentin, who signed the subscription contract and articles of incorporation. Defendant was to have 175 and one W. J. Quinn 10 shares. Quinn evidently became a stockholder simply to make up the necessary incorporators. It was understood by all these four persons that the 315 shares issued to Wallentin for Greeves and the 175 issued to defendant were paid for by the turning over to the corporation of the partnership name, good will and assets. The corporation had no other property than that received from the partnership, and there is no evidence that Wallentin or Quinn ever paid, or were requested to pay one cent upon the so-called subscription contract. The interest of the partnership was accepted as payment in full for the shares issued to defendant and to Wallentin for Greeves. The learned trial court aptly describes what was done in these words: "It is clear that the transaction was simply a metamorphosis of the partnership into corporate form, and that transference of the corporate assets to the corporation should be deemed payment for stock issued to the former partners. The corporation was pleased to accept and did accept the partnership assets as payment for the stock. The bargain was struck on that basis and it will have to stick." There

were no creditors of the corporation to question the adequacy of the payment, and the corporation cannot do so for all the incorporators and stockholders were parties to the agreement. Under such conditions it is immaterial what was the value of the partnership assets accepted as payment. That the corporation cannot by this suit question the transaction, or recover on the theory that the stock has not been paid for in money, is decided in Hoffman Motor Truck Co. v. Erickson, 124 Minn. 279, 144 N. W. 952. There is no suggestion in the record that in the arrangement for the issue and payment of these shares of stock there was any intention to defraud or deceive.

There are no errors assigned in this court, but we gather from the grounds specified in the motion for a new trial and the argument in the brief that appellant's chief complaint is that oral testimony was received to vary the subscription contract and contradict the minutes of the corporation. There is nothing to this claim. Proof that property instead of money was accepted as payment did not go to vary the terms of the contract. It showed performance thereof. An obligation to pay money may be discharged by the acceptance of property in lieu of money, 21 R. C. L. §§ 34, 43, Subject Payment. The minutes of the corporation appear only as to one meeting. There is nothing therein contradicted by the evidence received. This meeting was held on the same day that the subscription paper was signed, the shares of stock issued and delivered to defendant, and the partnership property and asssets turned over to the corporation. Even if there had been anything in the minutes, which there is not, indicating that the shares were not paid for by the partnership property, it would not be conclusive, nor would defendant be precluded from showing that other business was done by the stockholders or board of directors than that appearing on the minutes. Daggett v. St. Paul T. D. Co. 141 Minn. 51, 169 N. W. 252.

The order is affirmed.