MEIER, Respondent, v. EATON et al, Appellants.

(192 N. W. 721.)

(File No. 5158.   Opinion filed March 14, 1923.)

**Corporations—Secret Profits—Fictitious Stock—Receivers—Receiver May Recover Secret Profits by Incorporators Exchanging Property For Stock and Commissions For Selling Stock to Themselves.**

In view of Const., art. 17, section 8, prohibiting the issuance of corporate stock or bonds except for labor done, or money or property actually received and declaring all fictitious increase of stock or indebtedness void, a South Dakota corporation cannot bind itself by assent to a fictitious issue of stock, even with full knowledge of the facts, nor issue to stockholders as much stock as they like in exchange for property conveyed to the corporation, the receiver of which may, therefore, recover secret profits made by the incorporators in such exchange, and

commissions paid them by themselves as directors, for selling such stock to themselves.

Appeal from Circuit Court, Faulk County; Hon. J. H. Bottum, Judge.

Action by S. S. Meier, receiver of the Faulk County Power Company, against A. J. Eaton and others. From a judgment against defendants Eaton and another, defendant Eaton appeals. Affirmed.

*F. E. Snider*, of Faulkton, and *Sterling & Clark*, of Redfield, for Appellant.

*Jacobs & Byrne*, of Faulkton, for Respondent.

Appellant cited: Thompkins v. Sperry et al, 54 Atl. 254, 7 R. C. L., Sec. 53.

Respondent cited: Telegraph v. Loetscher, 127 Ia. 383, 4 Ann. Cases 667 and note; Bennett v. Havelock Electric Light & Power Co., 21 Ont. L. R. 120, 18 Ann. Cases 354 and note; Note 18 L. R. A. (N. S.) 1106; Note 4 Ann. Cases 669; Note 17 Ann. Cases 269-270; 14 C. J. 286 and notes 86 and 88; Pittsbury Min. Co. v. Spooner (Wis.), 42 N. W. 259.

GATES, J.   Action by a receiver of a corporation to recover secret profits made by the incorporators, in turning over property to the corporation in exchange for corporate stock, and to recover commissions paid by themselves as directors to themselves as individuals, for selling corporate stock to themselves.

The essential ultimate facts are that defendants, pursuant to a plan to incorporate, bought an electric light plant at Faulkton from one McGraw, paying therefor $10,000 in cash, $5,000 in real estate, and $15,000 in promissory notes. They then organized the Faulk County Power Company with a capital stock of $100,000, of which $70,000 was to be preferred stock and $30,000 common stock. They turned over the plant to the corporation on a valuation of $35,000, for which they received common stock for $20,000 and the corporation issued notes for $15,000, which were substituted for the $15,000 individual notes given to McGraw. They then as directors paid to themselves $2,000 of the corporate funds as commissions upon the sale of the $20,000 corporate stock to themselves, thus making a total profit of $7,000 in the transaction, on an investment of $15,000. Soon thereafter and in pursuance

of the plan of organization they sold shares of the remaining $10,000 common stock at par to divers individuals, without revealing the secret profits. Defendants Eaton and Fee were served with process. Defendant Coflin was not served. Defendant Eaton answered. From a judgment for $6,800 and interest, entered against defendants Eaton and Fee by the court, pursuant to findings of fact and conclusions of law, the defendant Eaton appeals.

Appellant relies upon the decision in Old Dominion Copper Mining & Smelting Co. v. Lewisohn (C. C.), 136 Fed. 915; Id., 148 Fed. 1020, 79 C. C. A. 534; Id., 210 U. S. 206, 28 Sup. Ct. 634, 52 L. ed. 1025, where Lewisohn, a promoter, was held not liable to disgorge secret profits under circumstances similar to those at bar, by the federal Circuit Court for the Southern District of New York, by the United States Circuit Court of Appeals for the Second Circuit and by the Supreme Court of the United States.

On the other hand, the respondent relies upon the case of Old Dominion Copper Mining & Smelting Co. v. Bigelow, 188 Mass. 315, 74 N. E. 653, 108 Am. St. Rep. 479; Id., 203 Mass. 159, 89 N. E. 193, 40 L. R. A. (N. S.) 314, which was affirmed by the United States Supreme Court in Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U. S. 111, 32 Sup. Ct. 641, 56 L. ed. 1009. In the latter court however, the only questions discussed related to estoppel and the full faith and credit clause of the federal Constitution.

Both the Lewisohn case and the Bigelow case arose out of the same transactions wherein both were the promoters. The Massachusetts court held that where, as here, the promotion scheme contemplated the sale of the corporate stock to outsiders for the purpose of providing a working capital, the acts of the directors in making secret profits upon the transfer of their property to the corporation in exchange for corporate stock could be inquired into in a suit brought by the corporation, even though the directors owned or controlled all of the corporate stock then issued, and such directors could be compelled to make restitution to the corporation. Besides following what seems to us was the weight of authority at that time that decision has been cited with approval in Alabama Fidelity Mfg. & Bond Co. v. Dubberly, 198

Ala. 545, 73 South. 911; Frame v. Mahoney, 21 Ariz. 282, 187 Pac. 584; Beal v. Smith, 46 Cal. App. 271, 189 Pac. 341 (hearing denied by California Supreme Court); Parker v. Boyle, 178 Ind. 560, 99 N. E. 986; American Forging & Socket Co. v. Wiley, 206 Mich. 664, 173 N. W. 515; Brooker v. Wm. H. Thompson Trust Co., 254 Mo. 125, 162 S. W. 187; Arnold v. Searing, 78 N. J. Eq. 146, 78 Atl. 762, and in Tilden v. Barber (D. C.), 268 Fed. 587.

On the other hand the federal Supreme Court decision in the Lewisohn case held exactly to the contrary of the Massachusetts decision. The federal Supreme Court, speaking through Mr. Justice Holmes, said:

"Of course, it is competent for legislators, but not, we think, for judges, except by a quasi legislative declaration, to establish that a corporation shall not be bound by its assent in a transaction of this kind, when the parties contemplate an invitation to the public to come in and join as original subscribers for any portion of the shares. It may be said that the corporation cannot be bound until the contemplated adverse interest is represented, or it may be said that promoters cannot strip themselves of the character of trustees until that moment. But it seems to us a strictly legislative determination. It is difficult, without inventing new and qualifying established doctrines, to go behind the fact that the corporation remains one and the same after once it really exists."

In brief, the court decided the case in accordance with the maxim "no one can take advantage of his own wrong." Rev. Code 1919, § 49. This decision has been followed in Lilylands Canal & Reservoir Co. v. Wood, 56 Colo. 130, 136 Pac. 1026; Hoffman Motor Truck Co. v. Erickson, 124 Minn. 279, 144 N. W. 952; and distinguished in Davis v. Las Ovas Co., 227 U. S. 80, 33 Sup. Ct. 197, 57 L. ed. 426; and American Ship Building Co. v. Commonwealth S. S. Co., 215 Fed. 299, 131 C. C. A. 596.

The gist of this decision is found in the following statements:

"The difficulty that meets the petitioner at the outset is that it has assented to the transaction with the full knowledge of the facts." * * *

"At the time of the sale to the plaintiff, then, there was no wrong done to any one. Bigelow, Lewisohn, and their syndicate

were on both sides of the bargain, and they might issue to themselves as much stock in their corporation as they liked in exchange for their conveyance of the land."

As viewed from the standpoint of the law of South Dakota, such basic principles are fundamentally unsound. Even with full knowledge of the facts, a South Dakota corporation is powerless to bind itself by an assent to a fictitious issue of corporate stock; and in this state a corporation cannot issue to stockholders as much stock as they like, in exchange for their property conveyed to the corporation.

Section 8 of article 17 of the Constitution provides:

"No corporation shall issue stocks or bonds except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void."

If we should admit the soundness of the basic principles on which the federal Supreme Court decision rests we would fly in the face of that constitutional provision; we would render it nugatory. Even though we were not persuaded that the Massachusetts decision embodies the sounder doctrine, we would be compelled to follow it by reason of the constitutional provision, and in so doing we are not subjecting ourselves to the charge of judicial legislation.

The judgment and order appealed from are affirmed.

Note—Reported in 192 N. W. 721. See American Key-Numbered Digest, Corporations, Key-No. 30(3), 14 C. J. Sec. 338.

On question of liability of corporate promoter for secret profits, see note in 25 L. R. A. 90 and 18 L. R. A. (N. S.) 1110; 7 R. C. L. 77.