| | |
|---|---|
| Arthur L. Conaty, Receiver Consolidated Mortgage & Investment Corp. vs. Henry D. Bellin, et als. | Eq. No. 12291. |

February 8, 1934.

BAKER, P. J. Heard on joint and several demurrers to the bill.

This is a proceeding brought by the Receiver of the Consolidated Mortgage & Investment Corporation against officers and directors of the Rhode Island Mortgage Security Corporation.

The prayer of the bill is that the respondents be directed to account for their acts and official conduct as officers of said last mentioned corporation; that they be directed to pay to the complainant money, assets and property which may have been diverted through their neglect or failure to perform their duties properly; that a money judgment be entered against them; that they be directed to pay the necessary costs and expenses of the receivership proceedings and the costs of this proceeding and all other loss and damage, and that other incidental relief be granted by the Court against them.

The specific acts alleged in the bill, among other allegations, are that the respondents permitted the incurring of too great an expense in connection with the sale of the stock of the corporation; that they made improper loans; that they permitted inflated and excessive appraisal of the real estate in connection with loans; that they improperly permitted the corporation to purchase its common stock from certain stockholders for the latter's benefit; that they allowed stock to be issued as a bonus, and that dividends were wrongfully paid when the corporation had no surplus or accumulated profits.

The respondents have demurred to the bill on a large number of grounds, several of which can be grouped and considered together.

The respondents first contend that the bill states no cause for the granting of relief by an equity court, and that the complainant has an adequate remedy at law.

The bill in this case is obviously based on the theory that a director and officer of a corporation is to a certain extent in the position of a trustee, and that he occupies a fiduciary relationship to the corporation and to its stockholders, and the bill asks for an accounting.

The general jurisdiction of a court of equity in a case such as this, brought by a corporation or by a receiver for a corporation against officers and directors for improper conduct, has long been recognized. A leading case is that of *Charitable Corporation* vs. *Sutton et al.*, 2 Atkins 400, which was a decision by Lord Hardwicke. In this country this decision has generally been followed and the jurisdiction of equity under proper circumstances is well established and recognized.

> *Attorney General* vs. *Utica Insurance Co.*, 2 Johns Ch. Rep. p. 370 at 389;
>
> *Robinson et al.* vs. *Smith et al.*, 3 Paige (N. Y.) 222;
>
> *Cunningham* vs. *Pell et al.*, 5 Paige (N. Y.) 607.

It is said that a director is frequently denominated a trustee and held accountable in equity as such.

> Vol. 14 (a) C. J. pp. 97, 98.

It would tend to appear from the authorities that in many cases a receiver may bring his action either at law or in equity, as he may see fit.

> Cook on Corporations, 8th ed. Secs. 701-703; Thompson on Corporations, 3rd ed. Sec. 1431;

In the case of *Fisher et al* vs. *Parr et als.*, 92 Md. 245, there is a well reasoned opinion dealing, among other things, with the general jurisdiction of a court of equity to determine a case of the general type of that now before the Court.

In *Besseliew et al.* vs. *Brown et al.*, 177 N. Car. 65, there is a decision that it is fully established that directors and managing officers of a corporation are to be properly considered and dealt with as trustees or quasi-trustees. Our own Court very early recognized the jurisdiction of equity in a case of this type and held that directors of a corporation are liable in equity as trustees for a fraudulent breach of trust, and that except under unusual circumstances the primary party to sue for such a breach of trust is the corporation.

> *Hodges* vs. *N. E. Screw Co., et als*, 1 R. I. 312.

See also

> *Olney* vs. *Conanicut Land Co.*, 16 R. I. 597
>
> *Eaton* vs. *Robinson*, 19 R. I. 146.

The respondents urge further, however, that the complainant has an adequate remedy at law and that the provisions of Chap. 248, Gen. Laws 1923, dealing with corporations, and in a case such as the one now before the Court for the improper paying of dividends and loans, recovery must be by an action of the case at law and not by such a proceeding as the complainant has brought herein.

After giving this point careful consideration, the Court has come to the conclusion that the remedies provided by the section of Chap. 248, supra, are not exclusive but that they are largely reenactments of the law generally and that in a proceeding such as this, there is a concurrent jurisdiction between law and equity, and that the provisions of the statute above referred to merely provide a cumulative remedy and that they do not oust the jurisdiction of any equity Court when a proper case is presented.

The case of *Conaty, Receiver*, vs. *Torghen*, 46, R. I. 447, disclosed a situation where a receiver elected to bring his action at law, based entirely on certain allegations of negligence.

The Court is of the opinion, however, that where a fiduciary relationship is claimed, and where an accounting is called for, then a case for equity jurisdiction is presented and that it cannot be successfully urged that the remedy at law is adequate.

The Court finds, therefore, that these grounds of the respondents' demurrers should be overruled.

The respondents next urge that there is a misjoinder of the respondents herein and that it nowhere appears in the bill that all the directors and officers have been joined as respondents.

It is clear that the complainant has made the officers and directors of the corporation parties respondent herein in order to prevent a multiplicity of suits, which is a recognized ground of equitable jurisdiction and is frequently a sufficient reason for joining a large number of persons in one proceeding.

The law generally appears to be that in a bill such as this, misjoinder of parties cannot successfully be urged against the proceeding.

> Thompson on Corporations, 3rd ed. Sec. 1432.

It is held that the facts alleged relate to the same general ground or cause of action, and that all specifications of negligence and breach of trust belong to the same general class.

> Horn Silver Mining Co., vs. Ryan, 42 Minn. 196;
>
> Coddington vs. Canaday, 157 Ind. 243 at page 255.

In the judgment of the Court, therefore, the ground of demurrer claiming misjoinder should be overruled.

The respondents next urge that the bill is demurrable because it is not alleged that all the directors have been joined as parties respondent.

After examining the authorities on this point, it would appear that such an allegation is not necessary. In the case of Cunningham vs. Pell et al., supra, it was held that on a bill against directors for fraudulent breaches of trust, it was not necessary that all the the directors be made parties. It is said that this is an exception to the general rule that in a proceeding against trustees all should be made parties and that in such a situation the question of contribution between directors does not arise.

In the case of Fisher vs. Parr et al, supra, the Court quoted with approval, at page 273, certain language used by Lord Cottenham in Attorney General vs. The Corporation of Poole. 1 C & P 28, as follows:

"Where the liability arises from the wrongful act of the parties, each is liable for all the consequences, and there is no contribution between them, and each case is distinct, depending upon the evidence against each party. It is, therefore, not necessary to make all parties who may more or less have joined in the act complained of."

It seems clear that by weight of authority the liability of directors for acts such as are set out in this bill is several as well as joint.

> Sigwald vs. City Bank, 32 S Car. 382.

The authorities generally seem to take the position that all directors need not necessarily be joined in a bill of this type.

> Thompson on Corporations, 3rd ed. Sec. 1432;
>
> Coddington vs. Canaday, supra;
>
> Horn Silver Mining Co. vs. Ryan, supra.

The Court is of the opinion that the respondents take nothing by this ground of their demurrer.

They then urge that in the bill it is not alleged that the corporation of which the complainant is receiver has creditors, neither is an irreparable injury alleged.

In the opinion of the Court neither of these allegations is necessary and these grounds of the demurrer are not sustained.

The respondents then contend that the bill is vague and indefinite and that they are not able to file answers thereto.

The bill alleges in substance that the first corporation, the Rhode Island Mortgage Security Corporation, was incorporated April 18, 1828, and that the formation of the corporation of which the complainant is receiver and the consolidation of the two corporations took place April 18, 1930. The acts of the respondents complained of occurred from time to time during the period between April 18, 1928, and April 14, 1930.

The dates when the several parties were elected directors and the periods during which they held office are set out with considerable particularity in the bill. The respondents urge, however, that the bill does not make any definite charges against any particular person or group of persons as to what was done by them at any particular time, and it is claimed that no one respondent can tell exactly what he is charged with doing.

It is obvious that a bill of this type must of necessity be more or less general in its terms. It does, however, charge with considerable definiteness certain specific acts in which it is claimed that the respondents were remiss in their duties.

After examining the law, the Court has come to the conclusion that the complainant is not obliged to set out in greater detail than he has the facts which constitute the basis of his bill. It is not necessary for him to plead all his evidence.

In the case of *Fisher* vs. *Parr et al.*, supra, at page 269, the Court uses the following language:

"But it is suggested that the bill is defective, because it does not allege that all the defendants attended and participated in the various alleged meetings, at which the loans were authorized, and because the extent, if any, to which each director contributed to the loss is not alleged. In our opinion such allegations are not necessary. It is sufficient to allege that the Board of Directors, of which the defendants are members, did the acts complained of; and upon demurrer all the directors are prima facie liable. 'It is only after answers and evidence and on final hearing that the connection of the several defendants with the transaction in question, and the measure of the responsibility of each can be ascertained and established.' "

This ground in the demurrer is overruled.

The respondents next urge that the complainant as receiver cannot bring this bill.

According to the provisions of Sec. 58 of Chap. 248 of the General Laws of Rhode Island, 1923, certain general powers are bestowed upon a receiver of a corporation.

> See also Sec. 62 of the same chapter.

The law generally appears to be well settled that a receiver of a corporation is the proper person to bring a bill of this kind. In this particular case, the complainant is the receiver of the Consolidated Mortgage & Investment Corporation and the respondents were directors of the Rhode Island Mortgage Security Corporation. The bill alleges, however, and on demurrer it must be taken as a fact, that there was an agreement of consolidation by which all the rights of the Rhode Island Mortgage Security Corporation, including all property, real and personal, and all choses in action, were transferred to and vested in the Consolidated Mortgage & Investment Corporation.

See also decree entered in Equity No. 10686.

It would seem clear, therefore, that the second corporation upon the consolidation took over all the assets of the first corporation of every kind and nature, including any claim it may have had against its directors for improper conduct in office, and later, when the second corporation went into receivership, it would appear that the receiver of the second corporation, the present complainant, by operation of law would take over all such rights and claims. In the ordinary case where there is no receivership, the proper party to bring a bill of this type is the corporation itself, unless unusual facts disclose that the bill cannot be brought in its name. Where, however, the corporation is in the hands of a receiver, it seems clear that the receiver is the proper party to bring the bill. He is the real party in interest.

This ground of the demurrer must therefore be overruled.

One of the parties respondent, the executor of the Hopkins Estate, has demurred on the ground that it is not alleged that any claim relating to the matter in controversy was ever filed against the estate in the Probate Court.

There seems to be little question but that a claim of this nature survives the death of a director.

Sec. 46 & 47, Chap. 248, Gen. Laws of R. I. 1923.

The complainant calls the Court's attention to the language of Sec. 10 of Chap. 323, General Laws, 1923, relating to the jurisdiction of the Superior Court, which section reads as follows:

"The Superior Court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law, and may exercise general probate jurisdiction in all cases brought before it on appeal from probate Courts, or when such jurisdiction is properly involved in suits in equity."

The complainant also urges that the general principle of equity jurisdiction applies in this instance, namely, that if a Court of equity takes jurisdiction in a matter, it will take it in full in order to give complete relief and dispose of the whole case.

Vol. 1, Pomeroy's Eq. Jurisprudence, Secs. 231-242.

The fact that at times there may be concurrent jurisdiction between a Court of equity and a Court of probate has been recognized in this State.

*Blake* vs. *Butler*, 10 R. I. 133.

After giving this question careful consideration, the Court believes that under the facts as alleged in the bill, a court of equity can take jurisdiction herein in order to give complete relief and that this ground of demurrer, as urged by the executor of the Hopkins Estate, should be overruled.

The remaining ground of demurrer relates to an allegation in paragraph 16 of the bill, where the duty of the respondents is claimed to be that of "extraordinary fidelity and diligence".

It is obvious that the respondents were under no such duty, and that this allegation is improper. It was so recognized by the complainant at the time of argument.

This ground of demurrer is therefore sustained and the complainant may have ten days in which to amend his bill in connection therewith, if he sees fit.

All other grounds of demurrer are overruled.

For complainant: Arthur L. Conaty, Isadore Horenstein.

For respondents: Hinckley, Allen, Tillinghast, Phillips & Wheeler; Henshaw, Lindemuth & Baker; Greenough, Lyman & Cross; Rosenfeld & Hagan; Frank H. Bellin; Voigt, Wright & Munroe; Edmund W. Flynn; Temkin & Temkin; Terence M. O'Reilly.