JULIA FLAKNE v. MINNESOTA FARMERS MUTUAL INSURANCE COMPANY.[1]

September 25, 1908.

Nos. 15,607—(78).

**Mutual Insurance—Change of By-laws—Parol Evidence.**

A verdict was rendered against plaintiff in a suit to recover from defendant, a mutual insurance company, upon a policy indemnifying plaintiff against loss to crops by hail. According to the policy, the period of insurance terminated at noon of September 1. According to the by-laws the company was not to be liable after September 1. The by-laws were subsequently amended so as to exempt defendant from liability after noon of September 1. The contract contained the usual clause authorizing amendments to the by-laws. It is *held*:

1. That the evidence was sufficient to sustain the verdict of the jury as to the loss of crops by hail prior to noon of September 1.

2. That the amendment to the defendant's by-laws was properly proved by parol testimony of its president, notwithstanding the objection that such proof was not the best evidence, inasmuch as plaintiff had not laid a foundation for that objection by showing that the resolution had been reduced to writing or that a record of it had been in fact made.

3. That the amendment was reasonable, because in conforming the period specified in the by-laws to that stated in the policy it resolved an ambiguity in the contract and made definite its terms.

4. That the trial court properly held as a matter of law that plaintiff could not recover for loss of crops by hail after noon of September 1.

Action in the district court for Hennepin county to recover $1,170 upon a policy of insurance which purported to insure plaintiff against loss by hail to her crop for five seasons. Plaintiff alleged two causes of action but only the first, which was for loss to plaintiff's crop by

1 Reported in 117 N. W. 785.

hail occurring on August 19, 1906, was submitted to the jury. Upon the second cause of action, the court ruled out all the evidence because notice of the loss which occurred on September 1, 1906, was not reported in time, and on the ground that the liability of the company did not extend over the afternoon of that day as provided in the by-laws amended since the issuance of the policy. Two questions were involved: Whether the verdict on the first cause of action was justified by the evidence, and whether the alleged amendment to the by-laws was properly proven, and if so was the new part binding upon plaintiff. The case was tried before John Day Smith, J., and a jury which rendered a verdict in favor of defendant for $96 on a counterclaim. From an order denying her motion to set aside that verdict and for a new trial, plaintiff appealed. Affirmed.

*L. E. Gossman,* for appellant.

*Jas. A. Peterson,* for respondent.

JAGGARD, J.

Plaintiff sought to recover from the defendant, a mutual hail insurance company, upon a policy of insurance indemnifying plaintiff against loss by hail to her crop for five crop seasons. The jury found for the defendant. This appeal was taken from an order of the trial court denying the plaintiff's motion to set aside the verdict or for a new trial.

1. Certain assignments of error are addressed to the failure of the evidence to justify the verdict of the jury with respect to the loss suffered by the plaintiff from hail in August. There was clearly some evidence reasonably tending to show that loss on part of one section (34) was occasioned otherwise than by hail. There is more doubt as to the sufficiency of the evidence to sustain the verdict of the jury as to another section (10). It has been strenuously urged that the weight of the evidence was with the plaintiff. There undoubtedly was, however, opposed evidence, as that of a "hail expert" who visited the fields, tending to support the case of the defendant. Within the familiar rule on the subject in Hicks v. Stone, 13 Minn. 398 (434), we are constrained to hold that the record does not on this point disclose such error as to justify a reversal.

2. The court excluded from consideration by the jury a claim for

loss by hail occurring on the night of September 1, and held as a matter of law there could be no recovery for that loss. The defendant company was allowed to prove, by the oral testimony of its president, the adoption of an amendment to the by-laws limiting the liability of the company to noon of September 1. Liberally construed, the objections interposed were sufficient to raise the question whether such testimony was not incompetent, because not the best evidence.

Ordinarily the acts of a corporation may be proved by the acts of individuals. If there be no record evidence, they may be proved by testimony of individuals. Moss v. Averell, 10 N. Y. 449. In the absence of charter requirements of the observance of specified formalities, a record of corporate resolutions and acts, although usually made, is not essential to their validity. Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227; Goodwin v. United States, 24 Conn. 591; President v. Dandridge, 12 Wheat. 64, 6 L. Ed. 552. More specifically, the adoption of by-laws by stockholders or directors may be shown by parol, where it does not appear that there has been a record, and there is no requirement, charter or statutory, that they should be recorded. Elliott, Priv. Corp. (3d Ed.) § 470; 3 Clark & M. Priv. Corp. § 641b; 3 Enc. Ev. 657. Indeed, there is authority to the effect that "the acts of a private corporation, or of its board or committee, may generally be proved by parol testimony of a witness, even where the statute requires a fair and regular record of proceedings to be kept, or declares the books to be evidence, if it does not declare them to be exclusive evidence, of the proceedings, for acts even so formal as a by-law or regulation may be adopted without written evidence of a vote and when so adopted they may be proved by direct evidence, or inferred from circumstances, even if there be written records of other acts; and the fact that no record was made of the act in question may be proved by calling the keeper of the record, without producing or accounting for the book." Abbott, Trial Ev. (2d Ed.) § 40.

It is true that in the case at bar section 1616, R. L. 1905, provides that the by-laws must be incorporated in the policy or attached thereto in order to become a part of the contract and to have any binding effect on the insured. This section has no direct effect on the instant

case. A copy of the by-laws was attached to this policy. The section was complied with. It does not follow that the amendment to the by-laws (or to the policy in issue) must always be in writing. It is undoubtedly customary to record such an amendment as is here involved. This is, however, an argument of fact. It is counterbalanced by the similar argument that the testimony was undoubtedly correct, and the objection a technicality. As has been pointed out, the record of such a resolution is not essential to its validity and is not invariably made. The presumption that a resolution has been recorded is purely artificial in character. The tendency of the law is to oppose the unnecessary indulgence in such presumptions. It is obviously better to require that in such cases ordinary plain practice be followed, namely, that, before the objection that evidence offered is not the best evidence be ruled upon, the objecting party be given an opportunity to show that better evidence exists. More specifically, where the objection to oral proof of a resolution by a board of directors be objected to as not the best evidence, the objecting party should be given an opportunity to show that the resolution has been reduced to writing and recorded. It follows that the trial court was not in error. This conclusion is the more easily reached in this case because it does not appear on motion for a new trial, or otherwise in proof, that the amendment proved was not in fact the one adopted, nor that it was not correctly stated.

The remaining question is whether the amendment to the by-laws is valid. As has been pointed out, section 1616, R. L. 1905, had been complied with. The by-law, in itself, was a valid enactment. Mutual insurance is peculiar in this: That the member is at once an insurer and the insured. Where, as here, he has sufficiently consented to a modification of its by-laws, this ought not to be construed to warrant the passing of a by-law which would operate to annul his contract, abrogate his vested rights, and in effect repudiate the obligation of the society. Joyce, Ins. 377. In Newhall v. Supreme Council, 181 Mass. 111, 117, 63 N. E. 1, Holmes, J., said: "whatever compliance with by-laws may be construed to mean, it does not mean absolute submission to whatever may be enacted in good faith, and it does not extend to permitting a direct deduction from the sum which, on the face of the certificate, any ordinary man would be led to suppose secure.

And see Olson v. Court of Honor, 100 Minn. 117, 110 N. W. 374, 8 L. R. A. (N. S.) 521, 117 Am. St. 676. The extent to which an alteration will be justified in law is subject to the implied condition that the amendment must be reasonable. Thibert v. Supreme Lodge, Knights of Honor, 78 Minn. 448, 81 N. W. 220, 47 L. R. A. 136, 79 Am. St. 412. The general trend of authority, however, is to recognize the needs of the association in determining the validity of a by-law and to increase the extent to which amendments may be allowed. See the valuable article in 8 Columbia L. Rev. 494.

In the case at bar, according to the policy, the period of insurance terminated at noon of September 1. According to the by-laws attached the defendant was not to be liable "after September 1st of each year." The by-laws were amended to exempt the company from liability after noon of September 1 each year. In causing the by-laws to conform to the policy, it resolved an ambiguity in the contract and made definite an uncertain provision. This is obviously not an impairment of an obligation, but its recognition, and definition of the obligation. The amendment operated upon all policy holders in the same condition. It did not lack uniformity. It would not at all follow from this reasoning that the company could shorten the term of insurance by a day, a week, or longer period. This particular amendment was reasonable in nature and extent.

Affirmed.