## CHARLES J. TRAXLER v. MINNEAPOLIS CEDAR & LUMBER COMPANY.[1]

January 29, 1915.

Nos. 18,967—(187.)

**Attorney and client.**

1. The evidence conclusively established that plaintiff was employed by defendant to perform legal services for it.

**Same — implied power of president of corporation.**

2. A president of a corporation ordinarily has implied power to retain an attorney to defend an action brought against the corporation, especially when the attorney so retained has acted as such for the corporation in prior matters.

**Board of directors — oral evidence of action.**

3. Oral evidence of action of the board of directors of a corporation is properly admitted against the objection that it is not the best evidence, when it does not appear that any written evidence of such action exists.

[1] Reported in 150 N. W. 914.

**Verdict — evidence.**
> 4. The evidence sustains the verdict as to amount.

**Charge to jury.**
> 5. There was no error in any ruling on the admission of evidence or in the charge.

Action in the municipal court of Minneapolis to recover $500 for professional services as attorney for defendant. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of plaintiff for $400. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Paul J. Marwin,* for appellant.

*S. R. Child,* for respondent.

BUNN, J.

Plaintiff, a duly licensed attorney at law, brought this action to recover $500, the alleged value of legal services performed for defendant corporation. The answer contained a general denial, and an allegation that the services were not performed for the corporation, but for two of the directors thereof personally. At the close of the evidence the court instructed the jury that plaintiff was entitled to recover the reasonable value of his services. The jury returned a verdict of $400, and defendant appealed from an order refusing a new trial.

Plaintiff, who had on prior occasions acted as attorney for defendant corporation, was retained by its president to defend an action brought by certain stockholders against the corporation and certain of its officers, including its president, to enjoin the sale of a portion of the assets of the corporation, and for the appointment of a receiver thereof. He performed services in preparing the case for trial.

The first claim of defendant is that plaintiff was not employed by defendant. The evidence is conclusive that he was.

It is urged that the president had no authority to employ counsel for the corporation. In view of the employment of plaintiff by defendant as its attorney in prior matters, this claim cannot be sustained. The president had implied power to retain plaintiff.

Cyc. 904, and cases cited. Grant v. Duluth M. N. R. Co. 66 Minn. 349, 69 N. W. 23.

Furthermore, there was evidence of express authority by the board of directors. It is claimed here that oral evidence of the action of the board in this respect was improperly admitted, as violating the best evidence rule. It did not appear that there was any written evidence of the board's action, and for this reason there was no error in not sustaining defendant's objection to the oral evidence.

It also appeared that the corporation accepted and profited by plaintiff's services.

It is therefore clear that the trial court was justified in instructing the jury that plaintiff was entitled to recover, and we so hold.

The amount of the recovery is questioned, but there is no ground for disturbing the verdict in this regard. The evidence amply justified the finding that plaintiff's services were worth $400.

The other assignments of error, challenging rulings on the admission of evidence, and portions of the charge, have been examined, and are found to be without merit and to require no discussion.

Order affirmed.