STATE EX REL. THOMAS A. GALL v. L. A. BARNES.

STATE EX REL. H. W. COULTER v. L. A. BARNES.[1]

May 11, 1917.

Nos. 20,394, 20,395—(207, 208).

**Abandonment of office.**

1. The incumbent of an office in a fraternal society, who is a candidate for re-election, and who with knowledge of all the facts, voluntarily and without protest, yields the office to one declared elected as his successor, abandons the office, and thereafter is as effectually out of office as if he had resigned.

**Quo warranto — person not a claimant may test title of incumbent.**

2. In proceedings by information in the nature of *quo warranto*, a relator, who is not a claimant of the office, may test the title of the incumbent to the office without proof that another has a better title. If no person is entitled to the office, there is a vacancy.

**Mutual benefit society — parol evidence of change in constitution.**

3. The adoption of an amendment to the constitution at a meeting of such a society, may be shown by parol where the minutes of the meeting contain no record, and there is no requirement, charter or statutory, that such matters shall be recorded.

**Same.**

4. Such proof may be made, if material between the litigants, though the society is not a party to the suit.

**Statute not violated.**

5. A statute, requiring such societies to have a representative form of government, is not contravened by a provision of the constitution that jurisdictions must have a reasonable minimum of members before they are entitled to representation in the supreme council of the order.

Upon the information of Thomas A. Gall, and upon the information of H. W. Coulter, the district court for St. Louis county granted writs of *quo warranto* requiring respondent, L. A. Barnes, to show by what

[1]Reported in 162 N. W. 513, 1050.

warrant he hindered and prevented said Gall from occupying the office of imperial vice good samaritan and that of a member of the executive board of Modern Samaritans, a fraternal society. The matter was heard by Dancer, J., who made findings and ordered judgment discharging the writs. Relators' motion for amended findings was granted. From an order denying motions for new trials, relators appealed. Affirmed.

*Fryberger, Fulton & Spear,* for appellants.

*A. E. McManus,* for respondent.

HALLAM, J.

Two proceedings, by information in the nature of *quo warranto,* were instituted to test the title of defendant to the office of vice good samaritan in the order of Modern Samaritans, a fraternal beneficiary order. One was commenced by the relator Gall, as a claimant of the office, the other by the relator Coulter, as a beneficiary member of the order.

The head office of the order is at Duluth. It has local bodies called subordinate councils. The membership of each state or jurisdiction may have a grand council, and over all is an imperial council.

Up to 1913 the imperial council was composed of certain men specifically named, certain officers *ex officio,* representatives from each grand council and representatives selected by a convention of delegates of subordinate councils in jurisdictions having no grand council.

Meetings of the imperial council are biennal. At the meeting of 1913, Gall and Barnes were candidates for the office of vice good samaritan. Barnes was elected by a majority of two. It is now claimed by both relators that the election was void in that the meeting was not a legal meeting.

The two cases were tried together. The court found in favor of Barnes. The evidence is not returned. We have before us only the pleadings and the decision of the court. The only question on this appeal is, do the findings of fact sustain the conclusions of law?

1. The claim of Gall to the office is easily disposed of. He can succeed in securing the office only on the strength of his own title. State v. Oftedal, 72 Minn. 498, 75 N. W. 692; State v. Carvey (Iowa) 154 N. W. 931; State v. Bradt, 170 Ind. 480, 84 N. E. 1084; People v. Lacoste,

37 N. Y. 194. The court found that "said Thomas A. Gall was present at the meeting, took part in all of the proceedings thereat, was a candidate to succeed himself * * * in opposition to the respondent * * * was defeated by a majority of two in favor of said Barnes, and thereafter took part in the ceremony of installing said Barnes into office and yielded the office to him," with full knowledge of all the facts by reason of which he now claims that the meeting was illegal, and without at any time making any protest as to the illegality of the meeting or the election.

These facts constitute a voluntary surrender and abandonment of the office by Gall, and, regardless of the validity of the election, he is as effectually out of office as if he had formally resigned. State v. Windom, 131 Minn. 401, 404, 155 N. W. 629.

2. The Coulter case involves other considerations. No contention is made but that Coulter, as a beneficial member of the order, may maintain *quo warranto*, and perhaps none could be made. High, Extraordinary Legal Remedies (3d ed.) § 700. See Commonwealth v. Union F. & M. Ins. Co. 5 Mass. 230, 4 Am. Dec. 50; Commonwealth v. Stevens, 168 Pa. St. 582, 32 Atl. 111; In re Election of Directors, 44 N. J. Law, 529. If he may maintain *quo warranto* against Barnes, we are of the opinion that he may raise, not alone the question whether Gall has a better right to the office than Barnes, but also the question whether Barnes has any right to the office at all. In such case, if neither Barnes nor Gall appears to have a right to the office, the result would be a vacancy. It is even held in some jurisdictions that, where a claimant of the office is relator, the court will not concern itself with his title, but only with the title of the incumbent proceeded against. Thompson, Corporations, § 951; State v. Vail, 53 Mo. 97, 109; People v. Thacher, 55 N. Y. 525, 14 Am. Rep. 312; Albright v. Territory, 13 N. M. 64, 79 Pac. 719. If as intimated in State v. Oftedal, 498, 511, supra, this is not the rule in this state where the relator and the respondent are rival claimants to the office, we think it must be the rule where a member, other than the claimant, is permitted to maintain the proceeding, for the theory on which such a person is permitted to maintain the proceeding at all is that he is interested in having the affairs of the society committed to the

charge of officers legally elected and none other. Commonwealth v. Stevens, 168 Pa. St. 582, 32 Atl. 111.

3. We are confronted then with the question whether the 1915 meeting was a legal meeting. We think it was. The ground of attack on this meeting is as follows:

The jurisdictions of Wisconsin and North Dakota each had a membership of less than 250 and neither had a grand council. It may be assumed that no opportunity was afforded to representatives from these jurisdictions to sit in the imperial council meeting of 1915. We are of the opinion, however, that, from the facts found, it must be held that, at the 1913 meeting, the constitution of the order was so amended that no representative from either of these states was entitled to sit in the imperial council. Under the constitution each jurisdiction has one representative for every 500 members or major fraction thereof. Prior to the 1913 meeting, section 2 of article 3 of the constitution provided further that each such jurisdiction should in any event have at least one member. Respondent claims that at the 1913 session an amendment was passed striking out the provision for "at least one representative." Since neither state had the required "major fraction," this change, if made, deprived them of the right to have a representative at the 1915 meeting.

The findings of the court were twice amended. Finding number six (6) as last amended is that the above mentioned amendment to the constitution was passed, but that "by inadvertence and mistake of the journal secretary who took the minutes of said meeting, the said amendment was not recorded therein nor was the amendment shown thereon as the same was adopted."

The question is whether an amendment adopted but not recorded upon the minutes is operative. The question is settled in this state. It was held in Flakne v. Minnesota F. M. Ins. Co. 105 Minn. 479, 481, 117 N. W. 785, that the adoption of an amendment to corporate by-laws may be shown by parol where it does not appear that there has been a record, and there is no requirement, charter or statutory, that such matter should be recorded. See also Fletcher v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 339, 343, 69 N. W. 1085; State v. Guertin, 106 Minn. 248, 252, 119 N. W. 43, 130 Am. St. 610; Traxler v. Minneapolis C. & L. Co. 128 Minn. 295, 150 N. W. 914; Schell v. Second Nat. Bank, 14 Minn. 34

(43); Northland Produce Co. v. Stephens, 116 Minn. 23, 133 N. W. 93; Heintzelman v. Druids' Relief Assn. of Minn. 38 Minn. 138, 36 N. W. 100.

This is in accordance with the general rule that, in the absence of some statute to the contrary, you may prove the acts of associations or corporations as you do the acts of individuals, and that, unless the act to be proven be an integral part of some transaction required by law to be in writing, the act may, in the absence of written record, be proved by parol. 4 Wigmore, Evidence, § 2451. There is a statutory requirement that a certified copy of all amendments to the constitution of a society such as this shall be filed with the insurance commissioner (G. S. 1913, § 3558), but no provision that the same shall be recorded in the minutes.

We do not consider the propriety of contradicting the recitals of minutes of the meetings of a corporation or society when they are regularly kept and recorded. The finding of the court is, in substance, that, in the matter of this amendment, no record was made at all.

4. We are of the opinion that the doings of the society may be proved in this manner if the proof is material as between the litigants, though the society may not be a party to the suit, and that a judgment in an action against the corporation to correct its records is not a prerequisite to the making of such proof. Some authority may be found to the contrary, but the decisions in this state above cited negative any such rule.

5. The statutes of this state provide that societies such as this shall have a representative form of government (G. S. 1913, §§ 3537-3539), and it is contended that if the jurisdictions of Wisconsin and North Dakota do not have representatives in the imperial council, this statute is violated. We think this statute does not forbid the order from making a regulation that a jurisdiction must acquire a reasonable minimum of members before it can have a representative in the imperial council of the order. Such a regulation does not deny representation, but merely imposes a condition which seems to us reasonable as a stimulus to the increase of membership. It is not in contravention of the statute.

Order affirmed.

On June 8, 1917, the following opinion was filed:

PER CURIAM.

Counsel for appellant on motion for reargument again insist that the question in the case is whether oral evidence may be received to contradict the written record of a corporate meeting. In our view of the case this question is not presented.

It seems quite clear that the second amended finding numbered 6 superseded both the original and the first amended finding numbered 6, and it is the only finding upon the subject matter therein contained.

But if both amended findings stand, there is nothing in them to indicate that the unrecorded vote found by the court was upon the same motion as the recorded vote previously found. The findings indicate the contrary. Both amendments purport to amend the same section of the constitution but not in just the same particulars. The second amendment, if adopted, amended the first. Both might have been adopted at different times during the same session. The court finds that both were adopted, and we have nothing but the court's findings before us.

Rehearing denied.