## THOMAS C. DAGGETT v. ST. PAUL TROPICAL DEVELOPMENT COMPANY.[1]

November 1, 1918.

No. 20,923.

**Corporation — parol evidence to vary or explain corporate record.**

1. A party dealing with a corporation is not bound by the record of

[1]Reported in 169 N. W. 252.

the transaction subsequently entered in the corporate books, but may show what actually took place by any available evidence. The same rule applies where the corporation deals with a member of the corporation as an adverse party.


**Compromise and settlement — verdict sustained.**
   2. The verdict is sustained by the evidence.


Action in the district court for Ramsey county to recover $1,600. The answer was a general denial. The case was tried before Michael, J., and a jury which returned a verdict in favor of plaintiff for $1,704. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Selover, Schultz & Selover,* for appellant.

*Harry Weiss,* for respondent.


TAYLOR, C.

Plaintiff recovered a verdict for the sum of $1,600 which he alleged defendant had agreed to pay him in compromise and settlement of his claim against defendant for legal services, and defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

Defendant had employed plaintiff and L. H. Bentley as attorneys to conduct certain litigation in its behalf. Both were stockholders in the company and members of its board of directors. Trouble arose between plaintiff and Bentley concerning the litigation in consequence of which defendant discharged them both and employed an outside attorney. Defendant settled with Bentley and paid him his fees in plaintiff's absence. A dispute arose concerning plaintiff's fees. Plaintiff sued upon an express contract to pay him $1,600 in compromise and settlement of the disputed claim. He contended at the trial that at a meeting of the board of directors he had made a proposition to settle his claim for $1,600, and that defendant through its board of directors had accepted this proposition and had promised to pay him that amount without attaching any condition whatever; but that after the settlement had been made defendant, at the instance of Bentley, sought to attach a condition

as to the time and manner of payment, to which plaintiff had refused to consent. Defendant contended at the trial that plaintiff had made a proposition to settle for $1,600; that defendant had accepted this proposition upon the express condition that the money should be paid at a designated future time and be applied in a designated manner; that plaintiff refused to consent to this condition, and that in consequence of such refusal no agreement had ever been made. The sole issue at the trial was whether defendant had made an unconditional promise to pay the $1,600. The jury found this issue in favor of plaintiff, and the question presented is whether this finding is sustained by the evidence.

The minutes of the meeting of the board of directors, as subsequently written out in the records of the company by the secretary from notes made at the meeting, sustain defendant's contention in full, and defendant insists that plaintiff is bound by this record and cannot contradict it by oral testimony. Plaintiff had no part in making this record and never assented to it. As we understand the law, a party dealing with a corporation is not bound by the statement of the transaction which the corporation subsequently inserts in its records, especially where he had no part in making the record and has never assented to it. It is not a record which imports verity, and does not preclude the adverse party from contradicting it and showing by oral or other available evidence that the transaction is not correctly set forth therein. State v. Guertin, 106 Minn. 248, 119 N. W. 43, 130 Am. St. 610; Northland Produce Co. v. Stephens, 116 Minn. 23, 133 N. W. 93. Where a corporation deals with a member of the corporation as an adverse party, the same rule obtains. 9 Am. & Eng. Enc. (2d ed.) 893; Rudd v. Robinson, 126 N. Y. 113, 26 N. E. 1046, 12 L.R.A. 473, 22 Am. St. 816; C. & O. Ry. Co. v. Deepwater Ry. Co. 57 W. Va. 641, 50 S. E. 890.

Plaintiff attended the meeting of the board of directors, at which the matter of his fees was considered, and testified at the trial to the action taken upon his proposition. In addition to its claim that this testimony was not admissible because it contradicted the record of the company, defendant further claims that, even if admissible, it is not sufficient to sustain the finding of the jury. In his direct examination, plaintiff, after stating that he made an offer to settle for $1,600, testified: "The board then voted on the proposition of paying me $1,600, and each one voted in

favor of that resolution and they then agreed that that would be my compensation in the matter." On cross-examination he was asked: "Do you say to us now that they passed a resolution and voted on it simply and directly to the subject that you were to get $1,600 without any condition being attached to it?" To which he answered: "Yes, sir, absolutely; that is the fact." On redirect examination plaintiff testified: "Before the matter was up to a vote it was informally discussed and everybody agreed that if it could be adjusted on that basis that that was the way it would be done, and so I said, very well, if they would pay me the $1,600 I would accept it and step out of the litigation. And whether or not a formal resolution was then made * * * as to the company paying me $1,600, I wouldn't undertake to say, but after it had been agreed that I would take that and the company would pay it, Mr. Bentley then brought up the proposition that he had some litigation pending against me on behalf of the corporation and that he thought that the company ought not to pay this money that they had agreed to pay until after that litigation was determined one way or the other and then he made his proposal." This proposal was adopted and is the proposal to which plaintiff refused to consent. Defendant argues that plaintiff's statement on redirect examination is inconsistent with his former testimony, and modified that testimony to such an extent that the jury were not justified in finding that the proposition of settlement had been accepted before Bentley's proposal was made. Plaintiff had testified emphatically that the directors had voted upon his proposition and had accepted it unanimously without any conditions. In this testimony he used the word "resolution." In his subsequent testimony he stated that he would not undertake to say that there was a "formal resolution." It is apparent from the record that no formal written resolution of any sort was presented to or acted upon at the meeting. It was within the province of the jury to find from the evidence as a whole that the board of directors had accepted plaintiff's proposition by a vote to that effect but had not put their action into the form of a formal resolution, and we find no sufficient ground for setting aside their verdict.

Order affirmed.