## MINNEAPOLIS HOLDING COMPANY v. LANDERS-MORRISON-CHRISTENSON COMPANY AND ANOTHER.[1]

November 29, 1918.

No. 20,868.

**Mortgage — finding sustained by evidence.**

1. In an action for a decree declaring a certain warranty deed a mortgage, and for an accounting thereunder, it is *held* that the findings of the trial court that the deed was intended by the parties as an absolute transfer of the property, and not as security for an indebtedness due from the grantor to the grantee, are sustained by the evidence.

**Corporation — authority of officers to execute deed — change of theory on appeal.**

2. The deed in question was executed by the officers of the grantor, a corporation, but their authority to execute the same was not involved nor in any way litigated on the trial, and it is *held* that the contention on appeal that the officers had no such authority comes too late.

**Appeal and error — harmless error.**

3. The ruling of the trial court excluding a resolution of the board of directors of the grantor on the subject of the execution of the deed, on its face purporting to authorize the execution of a trust deed for the purposes of security, *held* not reversible error since it was not shown to have been known to the grantee at the time of the transaction.

Action in the district court for Hennepin county for a decree declaring a certain warranty deed a mortgage and for an accounting. The case was tried before Steele, J., who made findings and ordered judgment in favor of defendants. Plaintiff's motion for a new trial was

[1]Reported in 169 N. W. 534.

denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Charles B. Elliott,* for appellant.

*C. A. Dalby* and *Cohen, Atwater & Shaw,* for respondents.

BROWN, C. J.

This action was brought for a decree declaring a certain warranty deed of the property mentioned in the opinion a mortgage, for an accounting thereunder, and other relief. Defendants had judgment below and plaintiff appealed.

The facts without unnecessary detail are substantially as follows: In August, 1910, R. R. Betcher, Charles S. Rodner, and others associated with them, purchased and acquired title to certain land in the city of Minneapolis with the purpose of constructing thereon a large building to be known as the Lusitania Apartments. Either at the time of such purchase or soon thereafter the parties named mortgaged the property to Thorpe Bros., for the sum of $27,000. In January, 1911, Betcher and associates organized the Minneapolis Investment Syndicate, Inc., to which the property was conveyed subject to that incumbrance. That company then proceeded with the construction of the apartment building. It was a large undertaking and it became necessary to borrow from time to time considerable sums of money, and otherwise to incur financial obligations for building material. The company thus became indebted to the defendant Landers-Morrison-Christenson Company, a corporation, and to John C. Landers, the president of that company, the precise amount of which is not very material. In March, 1911, the resources of the investment company seem to have been exhausted; it was then indebted on outstanding obligations, aside from the $27,000 mortgage, in the sum of about $8,000, and it was estimated that it would then take several thousand dollars more to complete the building. The officers of the company, acting through Betcher, who seems to have 'had general charge of the investment company affairs, applied to Landers for relief and further financial assistance. The result of the negotiations between the parties was the execution of the warranty deed here in question, by which the property was conveyed unconditionally by the invest-

ment company to Landers. The deed was duly recorded. Plaintiff has succeeded to the rights of the investment company.

Thus far there is no dispute in the evidence. The situation is substantially as stated. The real and only controversy as to the facts has to do with the terms of the transaction by which the deed was executed to Landers as just stated. It is the contention of plaintiff, successor to the investment company, that the purpose of the transaction was to secure Landers for further advancements to enable the investment company to complete the building; that it was not the intention by the deed to transfer the absolute and unconditional title to Landers. Defendants on the other hand insist that when approached by Betcher, acting for the investment company, for further advances Landers declined to further loan his credit, or advance the amount necessary to complete the building, but did offer to purchase the property outright; that his offer was accepted, and the warranty deed executed in consummation of the transaction.

Thus was presented a square issue of fact, and the trial court resolved it in favor of the claim of defendants, thereby finding that the transaction was intended as one of purchase, and not one of security.

1. The principal question presented by the appeal is whether the findings of the court are clearly and manifestly against the evidence. We answer the question in the negative. The evidence is very voluminous and embraced within something over 1,000 pages of printed matter. It would serve no useful purpose to discuss it in detail and we refrain. A persuasive argument was presented by counsel for appellant, all, however, being founded on the theory of the facts as testified to by the witnesses called by plaintiff. But aside from various circumstances tending to support his argument, the real issue in the case narrowed down to one of veracity between the chief witness for plaintiff, Betcher, and Landers on the part of defendants, and perhaps other witnesses. There was a direct conflict on the question of the purpose of the transaction by which the property was conveyed to Landers. The trial court rejected the testimony of Betcher and others to the effect that it was one of loan and security. A careful consideration of the evidence furnishes no sufficient reason for declaring that the learned trial court was in error. We therefore sustain the findings without comment on the evidence, or at-

tempt to demonstrate the correctness of the conclusions of the trial court. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757.

2. The other assignments of error do not require extended mention. They present no ground for a reversal. The contention that the officers of the investment company were without authority to execute a warranty deed is in direct conflict with the theory of the plaintiff's case as presented by the complaint as well as on the trial below and cannot be sustained. The complaint affirmatively alleges the execution of a warranty deed, and that it was so executed as security and not as an absolute transfer of the property to the grantee. The whole case was tried below on that theory, and the contention here made, by new counsel, one who did not participate in the trial, that the officers had no authority to execute the deed at all, comes too late. Behrens v. Kruse, 121 Minn. 90, 140 N. W. 339.

3. The deed in question was formally executed on April 6, 1911. A week preceding, or on April 1, the board of directors of the investment company adopted a resolution authorizing the execution of a trust deed to the grantee, for the purpose of securing any indebtedness due him, the property to be reconveyed on payment of the same. This was offered in evidence and received, as we understand the record, for whatever bearing it might have on the authority of the officers of the company to execute a deed of absolute conveyance. Plaintiff claims that it should have been received for all purposes, and particularly as showing a limitation on the authority of the officers to enter into any transaction otherwise than as security for the indebtedness due the grantee. Whether the ruling of the trial court was technically right or technically wrong we do not stop to consider. The resolution was inadmissible insofar as it contradicted the allegations of the complaint. And though the whole thereof might, without error, have been received for whatever effect it might have as disclosing the character of the transaction as authorized by the board of directors, there was no reversible error in its exclusion. It is not claimed that the resolution came to the notice of the grantee, or that he was in any way advised of its existence at the time the transaction was completed. It was not therefore binding on him as a matter of law. Northland Produce Co. v. Stephens, 116 Minn. 23, 133 N. W. 93; Daggett v. St. Paul Dev. Co. supra, page 51, 169 N. W. 252. Nor admis-

sible as showing a mistake in the conditions and stipulations of the deed. Phoenix v. Gardner, 13 Minn. 396 (430); 27 Cyc. 1007, 1008. There was therefore no reversible error in the ruling on this subject. Though it might have been the resolution was not embodied in nor referred to in the deed.

4. We have carefully considered all other assignments of error and find therein no basis for reversal.

Judgment affirmed.